UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| JOEL HOUSE | CIVIL ACTION NO. 05-1676 |
| versus | JUDGE JAMES |
| AGCO CORPORATION | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

**Introduction**

Joel House ("Plaintiff") executed a lease agreement for a farm tractor for a term of sixty months with total rental payments of $66,994.27. Plaintiff filed suit in state court against AGCO Corporation, which Plaintiff alleges is the successor in interest to the original lessor. Plaintiff alleges that AGCO's agent misrepresented the horsepower of the tractor and other matters, and the tractor was not adequately powered to perform the work for which Plaintiff intended it. AGCO removed the cased based on an assertion of diversity jurisdiction. Before the court is Plaintiff's Motion to Remand (Doc. 11) on the grounds that the amount in controversy has not been established.

**Aggregate of Lease Payments**

To satisfy its burden of establishing by a preponderance that more than $75,000 is in controversy, AGCO may point to the face of the petition or additional facts in its notice of removal or an affidavit. See Luckett v. Delta Airlines, 171 F.3d 295, 298 (5th Cir. 1999). AGCO's notice of removal does not, with respect to the amount in controversy, articulate any

facts beyond those found in the petition, and AGCO has not submitted an affidavit or other evidence.

Plaintiff, on the other hand, testifies in an affidavit that the aggregate rental payments over the life of the lease would total $66,994.27, but he had made payments of only $31,069.48 at the time of removal. Plaintiff suggests that only the amounts he has paid are in controversy. Plaintiff's petition and memorandum are clear, however, that Plaintiff seeks a refund of that money *and* a rescission of the lease contract.

When a party seeks declaratory relief such as the cancellation of a contract, the amount in controversy is not measured by the mere amount of the potential monetary judgment, but by the judgment's value to the plaintiff. Where the judgment sought includes cancellation of a future obligation, the value of that future obligation is considered in determining the amount in controversy. Kemp v. Perma-Glaze, Inc., 1994 WL 236450 (E. D. La. 1994) (considering amount of future payments over remaining term of agreement when petition sought to cancel the agreement); Harger v. Burger King Corp., 729 F.Supp. 1579 (M. D. La. 1990) (considering amount of future installments when plaintiff sought a declaration that a lease continued in force); and Hale v. Billups of Gonzalez, Inc., 610 F.Supp. 162 (M. D. La. 1985) (considering future rentals when plaintiffs sought a declaration that a lease had terminated).

The cited decisions are consistent with the general rule that the amount in controversy, in an action for declaratory or injunctive relief, is "the value of the right to be protected or

the extent of the injury to be prevented." St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir. 1998). See also Hartford Insurance Group v. Lou-Con, Inc., 293 F.3d 908, 910 (5th Cir. 2002). Plaintiff seeks recovery of the funds he has already paid pursuant to the lease plus protection from having to pay any additional amounts under the lease, so the total rental payments of approximately $67,000 are considered in determining the amount in controversy.

**Out-of-Pocket Losses**; **Costs**

AGCO also argues that litigation costs should be considered. Costs are not, however, included in the calculation. Section 1332 creates diversity jurisdiction over certain civil actions where the matter in controversy exceeds the sum or value of $75,000, "exclusive of interest and costs."

In addition to a refund and a declaration of rescission, Plaintiff prays in his petition "for all out of pocket expenses, attorney's fees and all costs of this action." Petition, ¶ 16. No specific facts are provided in the petition or by AGCO that would permit any reasonable estimate of the amount (or nature) of the out-of-pocket expenses mentioned by Plaintiff, but it must be presumed that Plaintiff has a good faith basis for requesting recovery of *some* amount of such expenses. Expenses or costs that are a component of damages, as opposed to court costs, are considered in the calculation of the amount in controversy. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3712, pp. 273-74 (1998). The

consideration of this component of damages, given the lack of basis for estimating its amount, does little to reach the $75,000 figure, but it is a small factor in AGCO's favor.

**Attorney Fees**

When a contract or statute contains a provision for the potential award of fees, such fees may be included in the amount in controversy. Grant v. Chevron Phillips Chemical Co., 309 F.3d 864, 874 (5th Cir. 2002). There is no precise formula for calculating the amount that should be attributed to the fees for amount in controversy purposes. The most specific guidance states only that a "reasonable" fee is to be included. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3712, pp. 274-76 (1998).

Louisiana law does not permit recovery of attorney fees in a civil action unless there is a specific provision for their recovery in a relevant contract or legislation. Perhaps there is a provision in the lease agreement that would permit Plaintiff to recover fees if he is successful, but the court has no way of knowing that. The lease is not in the current record, and the petition gives no hint as to the legal basis for the attorney fees sought in the main demand. The petition sets forth an alternative demand for rescission of the lease based on redhibitory defects in the tractor. Louisiana redhibition law does permit the recovery of attorney fees and other damages from a seller who knowingly sells a defective item. La. Civ. Code art. 2545. But the redhibition articles speak of claims by a *buyer* against a *seller* based on defects in a thing *sold*. Perhaps there is legal authority to assert a redhibition claim in the *lease* context, but neither party has cited such authority. On the other hand, neither party has

argued that Plaintiff is unable, either under the lease or Louisiana law, to recover fees if successful. When a court is determining the amount in controversy, it need not pre-try the sufficiency of the complaint, and jurisdiction is not defeated by the possibility that the complaint ultimately fails to state a claim on which the Plaintiff could actually recover attorney's fees. <u>Louque v. Allstate Ins. Co.</u>, 314 F.3d 776, 782 (5th Cir. 2003). Considering the lack of contest from either party that Plaintiff could potentially recover the contractual and statutory fees for which he makes a good faith prayer in his petition, it will be assumed for current purposes that Plaintiff is entitled to recover attorney fees if he prevails.

Given aggregate rental payments of $67,000, the fee estimate must slightly exceed $8,000 in order for the total amount in controversy to exceed $75,000. That figure ($8,000) is easily within the realm of a reasonable fee for a case of this nature. The fee could be less, or it could be more, but the greater likelihood (or preponderance) is that it will be more. Fee applications filed in this court, whether by a prevailing plaintiff or defendant, almost always exceed $10,000 and usually exceed $20,000. Accordingly, AGCO has satisfied its burden with respect to the amount in controversy.

**Effect of Stipulation**

Plaintiff filed, after the removal and together with his motion to remand, a document titled "Binding Stipulation and Waiver of Plaintiff." Plaintiff states therein that the claims set forth in his petition do not exceed the sum of $75,000, including attorney fees, but exclusive of interest and costs. He proceeds to affirmatively waive any entitlement to

recovery of amounts (attributable to items that would be included within the amount in controversy) in excess of $74,999.

The Fifth Circuit has indicated that, at least in Texas, a stipulation of this sort filed *with the state court petition* may be sufficient to prevent removal. D'Aguilar v. Boeing Company, 47 F.3d 1404, 1412 (5th Cir. 1995). Such a unilateral stipulation may or may not be sufficient in Louisiana; a compromise agreed to by both parties might be required to make the statement irrevocable. See Price v. Smart Professional Photo Copy Corp., 2003 WL 203083 (E. D. La. 2003) (suggesting that a "stipulation between the parties" is required.) In any event, Plaintiff did not file his stipulation in state court.

A post-removal affidavit may be employed to clarify the jurisdictional facts that existed as of the time of removal if the jurisdictional amount is ambiguous on the face of the petition. St. Paul Reinsurance, 134 F.3d at 1254, n. 18. But neither Plaintiff's affidavit nor his stipulation provide any specific *facts*, beyond the amount paid on the lease thus far, that tend to clarify any ambiguities in his petition. What Plaintiff does include is a conclusory assertion, post-removal, that he wants no more than $75,000, but post-removal stipulations or amendments that reduce the amount claimed are insufficient to strip federal jurisdiction that otherwise exists. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). It is also worth noting that Plaintiff did not make an assertion in his petition, as permitted by La. C. C. P. art. 893(A)(1), that the amount of damages is insufficient to permit the exercise

of jurisdiction by federal courts. Plaintiff did, however, demand a jury trial, which requires a minimum $50,000 amount in controversy. La. C. C. P. art. 1732.

**Conclusion**

After considering the relevant facts and law, the undersigned is satisfied that AGCO has satisfied its burden of establishing by a preponderance that more than $75,000 is in controversy. Plaintiff seeks return of payments and avoidance of payments that total almost $67,000, and it is more likely than not that a reasonable attorney fee plus the out-of-pocket expenses claimed by Plaintiff would, when added to that figure, amount to more than $75,000. Accordingly, the **Motion to Remand (Doc. 11)** is **denied.**

THUS DONE AND SIGNED at Shreveport, Louisiana, this 13th day of December, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE